UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEASCAPE AQUARIUM, INC.,

    Plaintiff,

v.                                                    Case No: 8:17-cv-2137-T-17JSS

ASSOCIATED DIVERSIFIED SERVICES,
INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Compel Better Answers to Defendant's Discovery Responses ("Motion"). (Dkt. 4.) Upon consideration and for the reasons explained below, the Motion is granted.

## BACKGROUND

Plaintiff filed a Complaint against Defendant on April 18, 2017, in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, case number 2017-CA-1904-NC, alleging property damages. (Dkt. 1 at 1.) Defendant subsequently removed the action to this Court. (Dkt. 1.) On September 14, 2017, Defendant filed its Motion seeking better responses to Defendant's Interrogatories to Plaintiff and Request for Production to Plaintiff. (Dkt. 4.) Plaintiff's response to the Motion was due September 28, 2017. When Plaintiff did not file a response by that date, the Court ordered Plaintiff to file a response on or before October 16, 2017 and advised Plaintiff that failure to respond would result in the Court considering the Motion unopposed. (Dkt. 12.) To date, Plaintiff has failed to file a response to the Motion.

## APPLICABLE STANDARDS

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty*., 297 F.3d 1255, 1263 (11th Cir. 2002).

## ANALYSIS

Upon review of Plaintiff's discovery responses in question, the Court finds Plaintiff's responses plainly insufficient. Specifically, Plaintiff's answers to Defendant's Interrogatories to Plaintiff, Interrogatories Number 6, 8, 12, 13, and 16, as well as Plaintiff's responses to Defendant's Request for Production to Plaintiff, Requests Number 1 through 3, 6 through 9, 11, 14, 15, and 17 through 20, are incomplete. Therefore, Plaintiff's discovery responses must be treated as a failure to respond to Defendant's requests. Fed. R. Civ. P. 37(a)(4). Further, despite the Court's Order directing Plaintiff to respond to the Motion by October 16, 2017, Plaintiff has failed to file a response. Consequently, the Court presumes Plaintiff has no objection to

Defendant's Motion.  *See* M.D. Fla. Local R. 3.01(b).  Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Compel Better Answers to Defendant's Discovery Responses (Dkt. 4) is **GRANTED**.

2. Plaintiff shall serve its amended discovery responses and produce all documents responsive to Defendant's discovery requests in accordance with this Order within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on October 18, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record