UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEASCAPE AQUARIUM, INC.,

    Plaintiff,

v.                                                      Case No: 8:17-cv-2137-T-17JSS

ASSOCIATED DIVERSIFIED SERVICES,
INC.,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Defendant's Motion to Strike Plaintiff's Expert Witness Disclosure ("Motion") (Dkt. 32) and Plaintiff's response in opposition (Dkt. 41.) For the reasons that follow, Defendant's Motion is denied.

## **BACKGROUND**

Plaintiff, an aquarium and pet retail center, filed this action in the Circuit Court in Sarasota County, Florida, alleging Defendant's negligent repair and maintenance of electric power lines and transformers resulted in damage to Plaintiff's equipment, lost revenue, loss of business, and loss of aquatic animals. (Dkt. 2.) On September 14, 2017, Defendant removed this action to this Court pursuant to 28 U.S.C. § 1332(a). (Dkt. 1.)

On October 17, 2017, the Court entered the Case Management and Scheduling Order ("Scheduling Order") and scheduled the case for trial during the February 2019 trial term. (Dkt. 15.) Pursuant to the Scheduling Order, the discovery deadline was July 2, 2018, and the expert disclosure deadline was April 2, 2018 for Plaintiff and May 1, 2018 for Defendant. (*Id*.) On May 1, 2018, Defendant moved for summary judgment based on Plaintiff's failure to disclose experts. (Dkt. 23.) On May 4, 2018, Plaintiff filed its Motion for Extension of Time to Disclose Expert

Witnesses and to Amend Case Management and Scheduling Order ("Motion for Extension"), requesting an extension through June 8, 2018, to disclose its experts. (Dkt. 25.) The Court granted Plaintiff's Motion for Extension and denied Defendant's Motion for Summary Judgment without prejudice, extending the discovery deadline through July 27, 2018, and the deadlines for expert disclosures to June 8, 2018 for Plaintiff and June 29, 2018 for Defendant. (Dkts. 39–40.) Additionally, the deadline for dispositive motions was extended to August 24, 2018. (*Id.*)

On June 8, 2018, the date of the new expert disclosure deadline, Plaintiff disclosed its experts to Defendant and subsequently e-mailed a copy of the disclosures to the Court pursuant to its order directing the same. (Dkt. 42.) Plaintiff's experts include certified public accountant ("CPA") Douglas Timm, who addresses Plaintiff's lost profits and lost revenues, and forensic electrical engineer Curtis Falany, who addresses the alleged electrical damage. In its Motion, which was filed before the Court extended the deadline for the disclosures, Defendant argues that the Court should strike Plaintiff's expert disclosures for being untimely and insufficient. (Dkt. 32 at 2.)

**APPLICABLE STANDARDS**

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any expert witness it may use to present evidence at trial. Fed. R. Civ. P. 26(a)(2)(A). For experts "retained or specifically employed to provide expert testimony," the expert disclosure must be accompanied by a signed, written report that contains the following: "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," "any exhibits that will be used to summarize or support them," "the witness's qualifications, including a list of all publications authored in the previous 10 years," "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial

or by deposition," and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Pursuant to Rule 37(c)(1), a failure to disclose may result in exclusion of the information "unless the failure was substantially justified or is harmless." Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotation and citation omitted). A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683.

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009) (internal quotations omitted). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012) (explaining that "the expert witness discovery rules are designed to allow both sides in a case to prepare their

cases adequately and to prevent surprise," and "compliance with the requirements of Rule 26 is not merely aspirational").

## ANALYSIS

On June 8, 2018, Plaintiff served its expert disclosures and disclosed Mr. Timm and Mr. Falany as its experts. As the disclosures were served within the new expert disclosure deadline established by the Court, they were timely served. Further, upon review of the disclosures, and as explained below, Plaintiff's disclosures complied with the requirements of Rule 26(a)(2)(B).

Plaintiff disclosed Mr. Timm as its CPA and accompanied the disclosure with documents including a letter from Mr. Timm as well as a chart showing Plaintiff's alleged lost revenues and lost gross profits from November 2014 through December 2017. In the letter, Mr. Timm stated he has been a CPA since 1980 and that he completed Plaintiff's tax returns from 2015 through 2017. Mr. Timm explained that he reviewed Plaintiff's tax returns and financial reports to determine the amount of lost sales and lost profits after the November 2015 incident. He further specified that he determined the lost profits for each year by multiplying the lost revenues by the gross profit percentages. Mr. Timm's letter also disclosed the rate for the assignment. Further, Mr. Timm explained that he does not have a resume and he has not previously served as an expert witness in the field of accounting in any other legal matters. This disclosure is sufficient under Rule 26(a)(2)(B).

Similarly, Plaintiff's disclosures for Mr. Falany are sufficient. Plaintiff disclosed Mr. Falany's report, resume, list of publications, cases from the last four years in which he testified, and his compensation schedule. In his report, Mr. Falany listed the information he relied upon in forming his conclusions, including depositions, service tickets from the subject incident, and invoices for the damage to Plaintiff's equipment, as well as his own inspection of the premises.

He also discussed his observations during his inspection, his interviews of Plaintiff's owner and manager, and his analysis of the service tickets in his report. Further, Mr. Falany explained his conclusions in his report. This disclosure satisfies the requirements of Rule 26(a)(2)(B).

Defendant appropriately filed its Motion before the Court granted Plaintiff's Motion for Extension and before Plaintiff served its expert disclosures on June 8, 2018. However, the deadlines for discovery, expert disclosures, and summary judgment have now been extended. (Dkts. 39-40.) Plaintiff has acted in accordance with the new expert disclosure deadline. Given Plaintiff's compliance with Rule 26 and timely disclosure of its experts, the drastic remedy Defendant seeks is unwarranted. *See Shaw v. Pizza Hut of Am., Inc.*, No. 808-CV-27-T-24EAJ, 2009 WL 1228440, at *2 (M.D. Fla. May 4, 2009); *Lake v. Tenneco, Inc.*, No. 8:06-CV-1462-T24TBM, 2007 WL 5339379, at *1 (M.D. Fla. July 19, 2007).

Accordingly, it is **ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Witness Disclosure (Dkt. 32) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on June 18, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record