UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEASCAPE AQUARIUM, INC.,

    Plaintiff,

v.                                                                     Case No: 8:17-cv-2137-T-17JSS

ASSOCIATED DIVERSIFIED SERVICES,
INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Extension of Time as to Plaintiff's Expert Disclosure Deadline or to Allow Plaintiff's Expert to Supplement its Report ("Motion") (Dkt. 54) and Defendant's response in opposition (Dkt. 58). Plaintiff seeks an extension for its expert J.B. Shepherd & Company, Inc.'s report or, in the alternative, to supplement its previously produced report. (Dkt. 54.) For the reasons that follow, Plaintiff's Motion is granted.

## BACKGROUND

On October 17, 2017, the Court entered the Case Management and Scheduling Order ("Scheduling Order") and scheduled this matter for trial during the February 2019 trial term. (Dkt. 15.) Plaintiff was subsequently given an extension for its expert disclosures from April 2, 2018 to June 8, 2018. (Dkt. 39.) On June 8, 2018, Plaintiff disclosed its experts to Defendant and e-mailed a copy of the disclosures to the Court pursuant to its order directing the same. (Dkt. 42.) Plaintiff's experts include certified public accountant Douglas Timm and forensic electrical engineer Curtis Falany of J&B Shepherd & Company. The depositions of Plaintiff's experts are set for July 10, 2018. (Dkt. 53.) At the June 19, 2018 hearing before this Court, Plaintiff stated that Mr. Falany

may still need to analyze documents from Defendant and third-party Florida Power & Light Company to supplement his report, depending upon the information in the documents. Plaintiff now seeks a further extension for Mr. Falany's report or the ability to supplement his report. (Dkt. 54.) In support of its argument, Plaintiff asserts that it has obtained additional documents from Florida Power & Light Company "that are relevant to and affect the opinions and analysis of its expert" and will therefore need to update its report prior to the July 10 deposition. (Dkt. 54 at 2.) Plaintiff also states that it served a Second Request for Production upon Defendant, which Defendant was required to respond to by June 25, 2018. (Dkts. 53, 54.) At the June 19 hearing, Plaintiff stated that Defendant's responsive documents may also include information relevant to Mr. Falany's opinions.

In response, Defendant argues that Mr. Falany's report is incomplete and Plaintiff cannot prove that its failure to provide a complete report was substantially justified or harmless. (Dkt. 58.) Defendant further contends that Plaintiff cannot show good cause to amend the Court's Scheduling Order. (*Id.*)

**APPLICABLE STANDARDS**

Pursuant to Federal Rule of Civil Procedure 26, a party must disclose to the other parties the identity of any expert witness it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). The expert disclosure must be accompanied by a written report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The parties must supplement their expert disclosures in accordance with Rule 26(e). Fed. R. Civ. P. 26(a)(2)(E). Rule 26(e) requires a party to supplement or correct its disclosure "in a

timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).  Any additions or changes to an expert's report or to information given during the expert's deposition "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."[1]  Fed. R. Civ. P. 26(e)(2).

An expert report may be supplemented, pursuant to Rule 26(e), when the party learns that the original disclosure was incomplete or incorrect, but may not be supplemented in order to cure a major omission or to remedy an expert's inadequate or incomplete preparation.  *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-34HTS, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009); *see, e.g., Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1248-52 (M.D. Fla. 2012) (excluding expert's second report, served on the last day of discovery, which included opinions regarding claims that were not addressed in the initial report); *K & H Dev. Grp., Inc. v. Howard*, 255 F.R.D. 562, 567–68 (N.D. Fla. 2009) (striking an expert's "supplemental" report that included a new theory of damages, which was based on information that was available when the expert prepared his initial report); *In re Accutane Prods. Liab. Litig.*, No. 8:04-MD-2523T30TBM, 2007 WL 201091, at *1 (M.D. Fla. Jan. 24, 2007) (denying motion to strike supplemental expert report, served after the close of discovery, where the report revealed additional literature review and, in some areas, a degree of new or additional rationale in support of the expert's conclusions, but the core opinions remained the same).

---

[1] Pretrial disclosures include the names of witnesses whom the party expects to or may call at trial, the designation of witnesses whose testimony may be presented by deposition, and the identification of each exhibit that the party expects to or may offer at trial.  Fed. R. Civ. P. 26(a)(3)(A).  Unless otherwise ordered by the court, these disclosures must be made at least 30 days before trial.  Fed. R. Civ. P. 26(a)(3)(B).

Thus, "[t]here is nothing in Rule 26 prohibiting a witness, even an expert witness, from timely providing new or modified opinions to complete or correct information previously provided or reported" and "[i]ndeed, the witness who learns of new material information not previously disclosed is obliged to timely disclose the information to the parties." *Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-CV-2446-T-27TBM, 2011 WL 3475548, at *5 (M.D. Fla. Aug. 9, 2011) (denying a motion to strike a supplemental expert report because it was "consistent with [the expert's] initial opinions" and there was no prejudice to the other party). Rule 26(e) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 3102225, at *6 (S.D. Fla. June 2, 2016) (internal quotations omitted).

However, Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." *Cochran v. Brinkmann Corp.*, No. 1:08-cv-1790-WSD, 2009 WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009). "Rather, Rule 26 imposes a duty on parties to comply with the disclosure deadlines. It grants them no right to produce information in a belated fashion." *Mobile Shelter*, 845 F. Supp. 2d at 1250 (internal citations and quotations omitted). "Courts have broad discretion to exclude untimely-disclosed expert witness testimony – even when they are designated as 'supplemental' reports . . . [c]onsequently, a party cannot abuse Rule 26(e) to merely bolster a defective or problematic expert witness report." *Companhia*, 2016 WL 3102225, at *5–6 (striking a supplemental report because its disclosure was untimely and it was not in fact supplemental).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at

a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This sanction is "self-executing" in that it may be imposed without the filing of a motion under Rule 37(a). Fed. R. Civ. P. 37(c)(1), advisory committee's note to 1993 amendment. However, "[t]he evidentiary exclusion sanction is not necessarily 'automatic,' even in the absence of substantial justification and harmlessness, because Rule 37(c)(1) provides that a court may impose other appropriate sanctions '[i]n addition to or instead of this sanction.'" *Collins v. United States*, No. 3:08-CV-923-J-32JRK, 2010 WL 4643279, at *5, n.7 (M.D. Fla. Nov. 9, 2010) (quoting Fed. R. Civ. P. 37(c)(1)) (citing *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004)).

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009) (internal quotations omitted). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter*, 845 F. Supp. 2d at 1250–51.

**ANALYSIS**

Plaintiff seeks to supplement Mr. Falany's report with information from documents produced by Florida Power & Light and Defendant that were not previously produced during discovery. (Dkt. 54 at 2.) Defendant argues that it is prejudiced by Plaintiff's failure to provide a

complete report because it hinders its ability to assess the case and prevents its experts from providing complete reports. (Dkt. 58 at 7.) However, as Defendant points out (*Id.*), the Court granted an extension for Defendant's expert disclosures through July 17, 2018. (Dkt. 53.) Defendant further asserts that Plaintiff's subpoena to Florida Power & Light was dated April 3, 2018, and Plaintiff did not file a motion with the Court seeking relief from Florida Power & Light's alleged failure to comply with the subpoena. (Dkt. 58 at 9.) Defendant also makes the similar argument that Plaintiff never filed a motion alleging that Defendant's discovery responses were deficient. (*Id.*) Plaintiff asserts that its counsel acted with due diligence in attempting to obtain the additional documents from Defendant after learning of the additional records through its own expert. (Dkt. 54 at 2.) With regard to the subpoena to Florida Power & Light, Plaintiff contends that it has attempted to obtain the necessary records and documents "through numerous communications and contact" with Florida Power & Light's counsel. (*Id.* at 3.)

Upon consideration, it appears Plaintiff's request to supplement its expert report is in compliance with Rule 26(a). Fed. R. Civ. P. 26(a)(2)(E). Plaintiff seeks to supplement Mr. Falany's disclosure with additional information not otherwise made known to it during the discovery process. *Id.* The Court further notes that Plaintiff is seeking to supplement its expert disclosure partially based on documents provided by Defendant. (Dkt. 54 at 2.) Thus, Defendant will clearly not be surprised by any information contained in these documents. Further, the parties' discovery of the case may continue until the July 27 deadline and Defendant's expert disclosures are not due until July 17. To ameliorate any claimed prejudice or surprise to Defendant, Plaintiff shall provide its supplemental expert disclosure by July 6, 2018, prior to its experts' depositions. Thus, Plaintiff's supplemental expert disclosure will be provided within the discovery period and Defendant will be provided a fair opportunity to question the expert about the supplemental

disclosure. *See Tamp Bay Water*, 2011 WL 3475548, at *5; *see also Schmonsees v. Care Med. Equip., Inc.*, 3:09-CV-1004-J-34JBT, 2011 WL 4711887, at *1–2 (M.D. Fla. Oct. 5, 2011) (denying motion to limit expert from testifying to supplemental opinions where plaintiff was able to re-depose the expert); *In re Accutane Prods. Liab. Litig.*, 2007 WL 201091, at *1 (denying motion to strike supplemental expert report, served after the close of discovery, where parties were able to explore any changes suggested by the supplemental report at the witness' follow-up deposition).

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Extension of Time as to Plaintiff's Expert Disclosure Deadline or to Allow Plaintiff's Expert to Supplement its Report (Dkt. 54) is **GRANTED**.

2. Plaintiff shall produce its supplemental expert disclosure by July 6, 2018.

**DONE** and **ORDERED** in Tampa, Florida, on June 29, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record